OPINION
Plaintiff-appellant/cross-appellee Janet Sue Brown and defendant-appellee/cross-appellant Guarantee Title Trust/ARTA both appeal the January 8, 1998 Judgment Entry of the Fairfield County Court of Common Pleas which dismissed appellant's complaint for attorney fees against appellee.
 STATEMENT OF THE CASE
On October 12, 1989, appellant purchased an owner's policy of title insurance from appellee covering certain real estate.
On May 30, 1990, appellant was sued by a neighbor, Virginia Stepath, who made claims against appellant's title to the insured real estate. This first complaint was dismissed. On March 1, 1991, a second complaint was filed and subsequently amended on March 8, 1991. This second amended complaint made allegations regarding, among other things, the existence and location of an easement which Stepath asserted afforded her the right to ride her horse and build a road across appellant's property.
Appellant subsequently notified appellee of the possible claim against her policy and demanded appellee provide her with a defense pursuant to said policy. Appellee declined to undertake a complete defense of appellant's title, arguing some of Stepath's claims were not covered by the title policy. Instead, appellee agreed, under a reservation of rights, to pay one-third the cost of the defense expenses incurred by appellant, from and after the date of notice to appellee. Appellant accepted the partial contribution of appellee toward her defense costs, reserving her right to seek reimbursement for the remaining two-thirds of said costs.
On January 13, 1992, appellant was awarded summary judgment in the action brought by Stepath, on the ground no easement across appellant's property existed. The trial court's decision was appealed and, on August 28, 1992, affirmed by this Court.
On December 18, 1991, appellant requested reimbursement for the remaining two-thirds defense costs incurred in the amount of $15,138.26. Appellee refused appellant's request.
On October 13, 1992, appellant filed a lawsuit against appellee, seeking $15,138.26 for the legal fees associated with the defense of the previous title action as well as an additional $30,891.53 for legal fees incurred in prosecuting the lawsuit. This complaint was assigned Case No. 92CV359.
The matter came on for jury trial on March 15-18, 25, and 29, 1994. Appellee moved for directed verdicts at the close of appellant's case and at the close of the case on the contract and tort issues. Said motions were overruled by the trial court. A verdict was returned on April 22, 1994, awarding appellant $46,912.83, representing all the legal fees she incurred in the defense of the previous title action and the prosecution of the lawsuit.
Appellee subsequently filed a motion for judgment n.o.v., which the trial court overruled. Appellee appealed the judgment to this Court. This Court affirmed the judgment on May 23, 1996. The Ohio Supreme Court declined further review.
On April 17, 1998, appellant filed a new complaint which is the subject of this appeal in the Fairfield County Court of Common Pleas. The complaint was assigned Case No. 97CV250. This complaint sought additional attorney fees associated with the previous appeal to this Court and with appellee's attempt to appeal this Court's judgment to the Ohio Supreme Court. Appellee moved to dismiss the complaint or, in the alternative, to consolidate it with appellant's previous case (92CV359). Appellant filed a memorandum contra, but agreed a consolidation with the previous case was in order.
On January 8, 1998, the trial court sustained appellee's motion to dismiss. It is from that judgment entry appellant and appellee both prosecute this appeal. Appellant assigns as error:
 I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT;
 II. THE TRIAL COURT ERRED IN FAILING TO CONSOLIDATE THE PENDING CASE WITH THE PREVIOUS CASE.
 III. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT JURISDICTION WS WITH THE COURT OF APPEALS GIVEN THAT APP. R. 23 PROVIDES FOR AN AWARD OF ATTORNEY FEES IF THE COURT OF APPEALS SHALL DETERMINE THAT AN APPEAL IS FRIVOLOUS, WHEN THERE WERE NO ALLEGATIONS THAT THE APPEAL WAS FRIVOLOUS.
Appellee cross-appeals and assigns as error:
 I. THE TRIAL COURT ERRED IN THAT IT RELIED ON OHIO APPELLATE RULE 23 IN DISMISSING THIS CASE AND SHOULD OF INSTRUCTED THAT ANY CLAIM FOR ATTORNEY FEES MUST BE BROUGHT PURSUANT TO THE HOLDING IN BROWN V. GUARANTEE TITLE AND TRUST/ARTA, INC.,
1996 No. 94 CA-41 (5th App. Dist. 1996).
We begin by noting both parties alleged the trial court's reason for dismissal, i.e., appellant was not entitled to attorney fees because appellant did not request fees at the appellate level under App.R. 23 in the previous appeal to this Court, constitutes error. We agree.
Although it is tempting to merely reverse and remand this case to the trial court on the basis of this error, we are convinced the underlying issue will eventually return to this Court. In the interim, both parties will incur additional attorney fees. Therefore, in an attempt to end this litigation for the benefit of the parties, the trial court, and this Court, we elect to address the underlying issue. That issue is: if an insured is granted judgment against the insurer for attorney fees incurred by the insured in defense of the insured's title to real estate and attorney fees incurred in prosecution of the claim against the insurer for breach of duty to defend and breach of duty of good faith, is the insured entitled to recover attorney fees incurred in defending that judgment in the Court of Appeals and/or the Ohio Supreme Court. We find the insured is not so entitled. Our reasons follow.[1]
Neither party has cited any case law directly on point. Appellee does note the long standing American rule that both parties must bare their own legal expenses. Gustafson v. CotcoEnter., Inc. (1974), 42 Ohio App.2d 45, 50. Appellee also cites us to Digital Analog Design Corp. v. N. Supply Co. (1992),63 Ohio St.3d 652, wherein the Supreme Court stated:
 There is no separate tort action at law for the recovery of attorney fees . . . Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees.
 Id. at 662.
We find Gustafson and Digital Analog Design Corp.
instructive. In the absence of a finding of malice and the award of punitive damages in Case No. 92CV359, we find no compelling reason to treat appellant's judgment any differently from any other trial court judgment attacked in this Court on appeal. Should any appeal be determined by this Court to be frivolous, this Court may award attorney fees pursuant to App.R. 23. Appellant did not seek attorney fees for a frivolous appeal in the previous appeal to this Court and indeed concedes the previous appeal by appellee herein was not frivolous.
We further agree with appellee, should we hold appellant is entitled to additional attorney fees for defending the previous judgment in this Court and the Ohio Supreme Court, "the end to this litigation is no where in sight." (Appellee's Brief at 4). Accordingly, we overrule appellant's first assignment of error. The trial court's dismissal of appellant's complaint is affirmed for the reasons set forth in this opinion.[2]
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed equally between the appellant and appellee.
[1] Our decision on this issue renders moot appellant's second assignment of error.
[2] Appellee's cross-appeal is moot.